UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELIO DIEGUEZ FRIAS, a/k/a Carlos Diaz,

           Plaintiff,

v.

DARRYL TAYLOR, *et al.*,

           Defendants.

Case No. C14-1690-JCC-JPD

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil action filed by King County prisoner Elio Frias. Plaintiff has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed plaintiff's complaint, and the balance of the record, concludes that plaintiff has failed to state a cognizable ground for relief in this action. This Court therefore recommends that plaintiff's complaint and this action be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

DISCUSSION

On November 3, 2014, plaintiff presented to this Court for filing a civil rights complaint under 42 U.S.C. § 1983 in which he asserted that he was assaulted and seriously injured by a

REPORT AND RECOMMENDATION - 1

King County Metro Transit driver in March 2013.  (*See* Dkt. 1-1.)  Plaintiff claimed that he boarded a Metro Transit bus on March 12, 2013 and the driver began to argue with him because he was "a little inebriated." (*Id*. at 3.)  The driver told plaintiff he wanted him off the bus, but plaintiff refused and requested that the police be called. (*Id*.)  Plaintiff asserted that rather than call the police, the bus driver threw him off the top steps of the bus and he landed on the sidewalk where he hit his head on the concrete and passed out. (*Id*.)  Plaintiff stated that he woke up a few days later at Harborview Medical Center where he was being treated for a subdural hematoma. (*Id*.)   Plaintiff identified Metro Transit driver Darryl Taylor, Seattle City Hall, and King County Metro Transit as defendants in his complaint. (*Id*. at 1.)  Plaintiff requested compensatory damages in the amount of $2,000, and punitive damages in the amount of $2,000,000.

After reviewing plaintiff's complaint, this Court determined that plaintiff had not stated a cognizable ground for relief under § 1983 and, thus, the Court issued an Order directing plaintiff to show cause why this action should not be dismissed. (Dkt. 8.)  Plaintiff was advised in the Order to Show Cause that in order to sustain a civil rights action under § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  The Court noted that plaintiff had not identified in his complaint the federal constitutional right he believed was violated by the conduct of the named defendants, and that the facts alleged in the complaint did not suggest that any of the named defendants had caused plaintiff harm of federal constitutional dimension.  The Court further noted that plaintiff's claim that he was assaulted by a Metro

REPORT AND RECOMMENDATION - 2

Transit driver implicated state tort law, rather than federal constitutional law, and that such claims could not be pursued independently in an action brought under § 1983.

Plaintiff filed a timely response to the Order to Show Cause on December 9, 2014 together with a motion seeking leave to amend his complaint. (Dkts. 9 and 10.) Plaintiff indicates in his response that he did not intend to proceed with this action under § 1983, he merely filled out the form provided to him by the Clerk of Court. Plaintiff states that his intention has always been to proceed under tort law and, in the proposed amended complaint contained within plaintiff's motion to amend, he specifically asserts jurisdiction under the Washington Tort Claim Act. (*See* Dkt. 9 at 3-4, Dkt. 10 at 3.)

Plaintiff's response to this Court's Order to Show Cause, together with his proposed amended complaint, make clear that this Court lacks jurisdiction over the claim plaintiff intends to assert in this action. Because plaintiff asserts a claim arising under state law rather than federal law, this Court would have jurisdiction over plaintiff's claim only if he could establish diversity of citizenship between the parties. *See* 28 U.S.C. §§ 1331, 1332. It is clear from plaintiff's submissions that all proposed parties to this action either reside in, or are otherwise located in, the State of Washington and, thus, that there is no diversity of citizenship between the parties. Accordingly, this Court lacks jurisdiction over plaintiff's claim.

## CONCLUSION

As plaintiff has not alleged in his original complaint or in his proposed amended complaint any claim over which this Court has jurisdiction, the undersigned recommends that plaintiff's complaint and this action be dismissed without prejudice, prior to service, under § 1915(e)(2)(B). This Court further recommends that plaintiff's motion for leave to amend be stricken as moot. A proposed order accompanies this Report and Recommendation.

REPORT AND RECOMMENDATION - 3

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **February 11, 2015**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 13, 2015.**

This Report and Recommendation is not an appealable order.  Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 21st day of January, 2015.

_/s/ James P. Donohue_
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4